Mr. Justice McWilliams
dissenting:
The Board revoked Dr. Weiler’s license to practice medicine on the ground that he was guilty of unprofessional conduct in that he was “guilty of grossly negli *251 gent or immoral malpractice in the matter of Dorcas N. Mendizza.” The applicable statute empowers the Board to revoke the license to practice medicine of one who is deemed guilty of unprofessional conduct, and unprofessional conduct is defined, among other things, as “grossly negligent or ignorant malpractice.”
As I read the record, there is ample evidence to support the finding of the Board that Dr. Weiler was indeed guilty of grossly negligent — or immoral — malpractice. Most certainly it is grossly negligent malpractice, to say the least, for a physician to recommend extra-marital sexual intercourse for a female patient who is suffering from a psychological disorder and who has submitted herself into his care for diagnosis and treatment. For such physician to thereafter participate in the course of treatment which he has thus prescribed compounds his initial wrongdoing. In my view this type of malpractice may with all propriety be labeled as immoral malpractice or as grossly negligent malpractice.
The majority of this Court adopt and approve the reasoning of the trial court to the effect that the finding of the Board that Dr. Weiler was guilty of “grossly negligent or immoral malpractice” is a complete nullity in that “by this finding the Board didn’t really find the plaintiff guilty of either.” I disassociate myself from this conclusion which I regard to be pure sophistry.
“Immoral malpractice” may not be a statutory ground for revoking a license to practice medicine, but “grossly negligent malpractice” is. In my view the Board found Dr. Weiler guilty of grossly negligent malpractice, which conduct it chose to additionally describe and characterize as immoral malpractice. The majority approve the trial court’s observation that grossly negligent malpractice and ignorant (or immoral) malpractice “are not compatible offenses,” apparently for the reason that grossly negligent malpractice is deemed to be the complete antithesis of ignorant (or immoral) malpractice. With this observation I disagree. Indeed, the instant case dem *252 onstrates that these concepts are not direct opposites, but are as “compatible” as ham and eggs. For these reasons I dissent.